STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

MOLLY K. PRIEDEMAN  (CABN 302096)
Assistant United States Attorney

   1301 Clay Street
   Oakland, California 94612
   Telephone: (510) 637-3680
   FAX: (510) 637-3724
   molly.priedeman@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 21-CR-00009 YGR |
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | |
| CHRISTOPHER BRUCE, | Hearing Date: October 28, 2021<br>Time:  9:00 am |
| Defendant. | Judge: Hon. Yvonne Gonzalez Rogers |

## I. INTRODUCTION

On January 7, 2021, the government filed one-count indictment charging the defendant Christopher Bruce with a violation of 18 U.S.C. 922(g)(2)- Felon in Possession of Ammunition.  Mr. Bruce is scheduled to appear for a joint Change of Plea Hearing and Sentencing on October 28, 2021.

The government respectfully does not give a specific recommendation with respect to the appropriate term of imprisonment.

## II. BACKGROUND

### A. Offense Conduct

On November 5, 2021, at approximately 11:30 pm, officers initiated a traffic stop on a reported

stolen vehicle driven by Mr. Bruce. PSR ¶ 6. Mr. Bruce was given multiple commands to exit the vehicle before he complied, and was subsequently placed in handcuffs. *Id.* A search of the vehicle revealed a shaved-down "jingle" key in the ignition, a large bag that contained two one-pound bags of suspected marijuana, a locked metal briefcase, a counterfeit $100 bill, and one shell casing. *Id*. Inside the locked suitcase, officers found a disassembled .223 caliber black polymer AR style personally made firearm bearing no required manufacturer markings with pop up sights and a Holosun optic, a loaded extended pistol magazine, a loaded rifle magazine, elven M1000-type explosive devices, and another object that appeared to be a homemade explosive device wrapped in black wires. *Id.* ¶ 7. Due to a possible bomb threat, a portion of the 880 freeway was closed, and at approximately 3:30 am, the Alameda County Sheriff's Office bomb squad disposed of the suspected explosive device. *Id.*

A subsequent search of the vehicle revealed a .40 caliber, personally made green polymer pistol, and an eyeglass case containing an additional suspected explosive. *Id.* ¶ 8. The bomb squad analyzed the eyeglass case and determined that it was intended to look like a victim-actuated "booby-trap." The device was x-rayed and it was determined that the suspected explosive was not actually connected to the "mousetrap" or "resistors," and the bomb squad was able to render the device safe. *Id.* During the search of the vehicle, officers also discovered five rounds of Hornady 40 S&W caliber ammunition, ten rounds of FC .223 caliber ammunition, seven rounds of Perfect .223 caliber ammunition, and six rounds of Aguila 9mm caliber ammunition. *Id.*

**B.    Sentencing Guidelines**

The United States disagrees with Probation's calculation of a total offense level of 14, which corresponds to a Sentencing Guidelines range of 27 to 33 months. The total offense level should be 12, which results in a sentencing guidelines range of 21 to 27 months.

The United States disagrees with the Probation that a two-level enhancement applies pursuant to USSG 2K2.1(b)(3)(B). The Sentencing Guidelines incorporates the definition of "destructive device" given in Title 26 United States Code Section 5845(f). Under Section 5845(f) a destructive device means

> (1) any explosive, incendiary, or poison gas (A) bomb, (B) grenade, (C) rocket . . . , (D) missile, . . . (E) mine, or (F) similar device . . . . (3) any combination of parts either designed to intended to for use in converting any device into a destructive device . . . The term "destructive device"

shall not include any device which is neither define nor redesigned for use as a weapon . . .

While M1000s are illegal explosives,[1] there is insufficient evidence that the M1000-type devices seized from Mr. Bruce were designed or redesigned for use as a weapon. Likewise, there is insufficient evidence regarding whether the other devices seized from the defendant are "similar" to the per se destructive devices and/or if the component parts were "intended" to be converted into a destructive device. Probation points to the fact that Alcohol Tobacco and Firearms (ATF) lab report stated that the M1000 devices involved in this case contained an explosive mixture, but that alone is insufficient to meet the definition of a "destructive device," as defined by statute.

## III.     DISCUSSION

### A.     Applicable Law

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the Guidelines. *Id*. After determining the appropriate Guidelines calculations, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a). *Carty*, 520 F.3d at 991–93.

Under 18 U.S.C. § 3553(a), in arriving at the appropriate sentence for the defendant, the Court should consider these factors applicable to this case, among others:

> (1)   the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2)   the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (3)   the need for the sentence imposed to afford adequate deterrence to criminal conduct;
>
> (4)   the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;

---

[1] *See* https://www.atf.gov/explosives/illegal-explosives

(5) the need to provide restitution to any victims of the offense.

**B.     The Government Does Not Give a Specific Recommendation as to the Appropriate Sentence**

As detailed in the PSR, Bruce's conduct in this case is extremely serious and goes beyond the mere possession of ammunition. Law enforcement seized several homemade firearms from Bruce, ammunition, and multiple explosive devices. The risk to public safety cannot be overstated. In fact, the risk was so serious that a portion of the freeway was shut down for several hours while the bomb squad could investigate. Bruce's conduct is also not an isolated incident. Bruce has a lengthy criminal history, including convictions for possessing a firearm as a felon and possessing destructive devices. PSR ¶ 32, 35.

On the other hand, there are mitigating circumstances that warrant consideration by the Court. Bruce appears to have a traumatic childhood, including involvement in a high-profile childcare/abuse case. He also appears to have a significant drug abuse problem.

## IV.     CONCLUSION

With full consideration of all the sentencing factors set forth in 18 U.S.C. § 3553(a), the United States respectfully does not make a specific recommendation as to the appropriate sentence of imprisonment.

DATED: October 21, 2021                                  Respectfully submitted,

                                                         Stephanie M. Hinds
                                                         Acting United States Attorney


                                                          /s/Molly K. Priedeman
                                                         MOLLY K. PRIEDEMAN
                                                         Assistant United States Attorney